UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT JOHNSON,

        Plaintiff,

   v.

MERVYN SILBERBERG; JOINTED CUE, INC., a California Corporation; and DOES 1-10,

        Defendants.

No.  2:18-cv-00936 WBS EFB

ORDER RE: DEF. MERVYN SILBERBERG'S ORAL MOTION TO DISMISS

----oo0oo----

      Plaintiff Scott Johnson brought this suit against the Jointed Cue Inc. ("Jointed Cue"), Mervyn Silberberg ("Silberberg"), and Does 1-10 alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 42 §§ 12101 et seq., and of California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53.

      Plaintiff is a level C-5 quadriplegic (Compl. ¶ 1 (Docket No. 1)) whose claims against defendants stem from the alleged failure of The Jointed Cue Billiards, located at or about 2375 Fruitridge Road, Sacramento CA (Id. ¶ 13), to comply with

1

various public accommodations requirements contained in Title III of the ADA (Id. ¶¶ 62-89).  Plaintiff also sought monetary damages under California's Unruh Civil Rights Act.  The Jointed Cue Billiards was a pool hall owned by defendant Jointed Cue and operating on property owned by defendant Silberberg between August 2016 and January 2018.  (Id. ¶¶ 2-12.)  Plaintiff alleges that on five occasions between August 2016 and January 2018 he went to the Jointed Cue Billiards and found it in violation of the public accommodations requirements of Title III of the ADA. (Id. ¶¶ 18 & 63-89.)

It is undisputed that the Jointed Cue Billiards was permanently closed on July 31, 2018, and there are no factual allegations against defendant Silberberg that post-date the closure of the Jointed Cue Billiards.  (Joint Status Report, Exhibit A (Docket No. 19).)  Accordingly, there is effectively no longer any injunctive relief the court could grant plaintiff in this action.  The parties appeared in person before the court for a status conference on December 3, 2018, and counsel for defendant Silberberg made an oral motion to dismiss.  The court heard the arguments on the motion from counsel on both sides at that status conference.

Injunctive relief is the only form of relief available in a private action for violation of the ADA's Title III.  See Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014)("Damages are not an available remedy to individuals under Title III of the ADA; individuals may receive only injunctive relief").  When "changes in circumstances since plaintiff filed suit have forestalled any meaningful relief," a

2

case is moot.  Johnson v. BBVA Compass Fin. Corp., No. 2:14-CV-2416-JAM-KJN, 2016 WL 1170855, at *1 (E.D. Cal. Mar. 25, 2016) (quotation and citations omitted).

Mootness "is a jurisdictional issue, and 'federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists.' Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003) (quoting Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir. 1999).) Since the closure of the Jointed Cue Billiards obviates plaintiff's request for injunctive under the ADA, plaintiff's federal claim is moot. Accordingly, the court will grant defendant Silberberg's motion to dismiss plaintiff's ADA claim.

When the federal claims upon which a federal court's subject-matter jurisdiction is predicated are dismissed before trial, the court has discretion as to whether it will continue to exercise supplemental jurisdiction over any pendant state law claims. Satey v. JPMorgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion"). In determining how to exercise this discretion, the court should consider judicial economy, convenience, fairness, and comity. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). The Supreme Court has observed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward  declining to exercise jurisdiction over the remaining state-law claims." Id. at 350 n.7.

There is no evidence to suggest that this case is anything but the "usual" case referenced in Carnegie-Mellon Univ., 484 U.S. 343. This litigation is at an early stage: no trial date has been set and no dispositive motions have been noticed or adjudicated. Therefore, there is no judicial economy to be gained by exercising continued jurisdiction over plaintiff's state law claims. With respect to comity, the state court is equally competent to hear the remaining state law claims and may have a better understanding of the relevant state law. Convenience and fairness likewise do not weigh in favor of exercising jurisdiction since the state and federal fora are equally convenient for the parties, and there is no reason to doubt that the state court will provide an equally fair adjudication of the plaintiff's claims.

Collectively, these factors weigh against the court's continued exercise of supplemental jurisdiction over plaintiff's remaining state law claim. Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's Unruh Civil Rights Act claim and will grant defendant Silberberg's motion to dismiss it alongside plaintiff's federal claim.

IT IS THEREFORE ORDERED that defendant Mervyn Silberberg's Motion to Dismiss is GRANTED, and this action is hereby DISMISSED, without prejudice to plaintiff's right to refile his remaining state law claims in state court.

Dated:  December 5, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE